# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES K. RILEY,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1626**  (BOR Appeal No. 2045937)
                 (Claim No. 920060911)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**WOODSON PALLET COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles K. Riley, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jack M. Rife Jr., its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 3, 2011, in which the Board affirmed an April 26, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 8, 2010, decision, which granted Mr. Riley no additional permanent partial disability on the finding that he had been fully compensated by the prior 17% award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Riley was employed as a truck driver for Woodson Pallett Company. On June 29, 1992, while lifting hardwood lumber, Mr. Riley experienced sudden sharp pain in his neck which radiated to his right arm and neck. The claims administrator found the injury compensable and initially granted Mr. Riley a 5% permanent partial disability award but it was later increased to a 17% award. Several years later, on August 18, 2008, Dr. Milan issued a report based on her examination of Mr. Riley, in which she found an additional 13% impairment over the prior 17% award. Based on Dr. Milan's report, Mr. Riley applied for an additional permanent partial disability award.

But Mr. Riley was also evaluated by Dr. Thrush, who found that Mr. Riley's original cervical sprain should have resolved within three to six months. In an addendum report, issued on February 25, 2010, Dr. Thrush recommended a 5% whole body impairment rating. Based on Dr. Thrush's report, the claims administrator issued a decision, on March 8, 2010, granting Mr. Riley no additional permanent partial disability award. The claims administrator also found that Mr. Riley had been fully compensated by his prior 17% permanent partial disability award. Following the decision, Mr. Riley was examined by Dr. Bachwitt, who found that Mr. Riley had 5% whole person impairment. On April 26, 2011, the Office of Judges affirmed the claims administrator's March 8, 2010, decision. The Board of Review then affirmed the Office of Judges' Order on November 3, 2011.

In its Order, the Office of Judges concluded that Mr. Riley was not entitled to any additional permanent partial disability award and affirmed the decision of the claims administrator. The Office of Judges determined that Mr. Riley did not provide sufficient evidence to demonstrate that he was entitled to a greater permanent partial disability award than he had previously been granted. Although it considered the opinion of Dr. Milan, who recommended a 30% impairment rating, the Office of Judges did not rely on her report because her findings did not adhere to the workers' compensation standards for determining impairment. Instead, the Office of Judges relied on Dr. Thrush's report. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review. Mr. Riley did not present sufficient reliable evidence to demonstrate that he was entitled to additional permanent partial disability above his prior 17% award. The record taken as a whole demonstrates that Mr. Riley has been fully compensated by his prior permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** September 12, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II